UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOMERO ITURALDE-SANCHEZ (A-241-078-798),

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-cv-04795-DC-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 8, 11)

Petitioner, an immigration detainee proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 17, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 11.) On August 23, 2026, Respondents filed objections to the findings and recommendations, merely stating that they object "for the reasons stated in their Motion to Dismiss." (Doc. No. 12.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously

released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 17, 2026 (Doc. No. 11), are ADOPTED;

2. Petitioner Homero Ituralde-Sanchez's (A-241-078-798) petition for a writ of habeas corpus (Doc. No. 1) is GRANTED;

3. Respondents are ORDERED to IMMEDIATELY RELEASE Petitioner, and shall provide Petitioner with a copy of the release order at or near the time of release. If Respondents have custody of Petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), Respondents shall return those to Petitioner at the time of release. Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing;

4. Within three (3) days from the date of entry of this order, Respondents shall file a

notice of compliance with this court confirming Petitioner's release from custody;

5. Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless the government demonstrates by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified;

6. The order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

7. Respondents' pending motion (Doc. No. 8) is DENIED;

8. The Clerk of the Court is directed to serve the Golden State Annex Detention Facility with a copy of this order; and

9. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 27, 2026**

Dena Coggins
United States District Judge